IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CALVIN HODGES,

    Plaintiff,

vs.                                      Case No. 4:19cv296-WS/CAS

SGT. WEATON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights case by filing a civil rights complaint, ECF No. 1, and a motion to proceed in forma pauperis, ECF No. 2. Because Plaintiff's motion was insufficient as filed, ruling was deferred and Plaintiff was required to file an amended in forma pauperis motion. ECF No. 4. Plaintiff did so, ECF No. 5, but his amended in forma pauperis motion was still insufficient. Another Order was entered in late August explaining the deficiencies with his motion and giving Plaintiff "one final opportunity to comply with this Order and properly demonstrate his entitlement to in forma pauperis status." ECF No. 6. Plaintiff's deadline for compliance was **September 30, 2019**, and he was required to "either

file a second amended in forma pauperis motion, or . . . pay the $400.00 filing fee for this case . . . ."  ECF No. 6.

Additionally, Plaintiff was required to submit an amended complaint because his original complaint, ECF No. 1, was insufficient.  Plaintiff was informed that the original complaint could not "proceed as filed because Plaintiff did not sign his complaint, nor did he state the facts in short, separately numbered paragraphs."  Thus, Plaintiff was provided another complaint form and required to submit an amended complaint by **September 30, 2019**.

Plaintiff has not complied with either of those requirements.  Plaintiff was warned that his failure to comply would "result in entry of a recommendation to dismiss this case."  ECF No. 6.  Having been so warned, it appears that Plaintiff has abandoned this litigation and dismissal is appropriate.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)

Case No. 4:19cv296-WS/CAS

(quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." <u>Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**